UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   1:22-mj-03610 Damian

UNITED STATES OF AMERICA,

v.

JUNIOR ALEXANDER DeJESUS,
JOSE SALAS, and
WILFREDO CABRERA,

       Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes  X  No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  __ Yes  X  No

                         Respectfully submitted,

                         JUAN ANTONIO GONZALEZ
                         UNITED STATES ATTORNEY

                         /s/ Yvonne Rodriguez-Schack
                         YVONNE RODRIGUEZ-SCHACK
                         Assistant United States Attorney
                         Southern District of Florida
                         Florida Bar No. 794686
                         99 Northeast 4th Street
                         Miami, Florida 33132-2111
                         305.961.9014
                         305.536.7213 Facsimile
                         Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JUNIOR ALEXANDER DeJESUS,<br>JOSE SALAS,<br>and WILFREDO CABRERA,<br>*Defendant(s)* | Case No. 1:22-mj-03610 Damian |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about September 10, 2022, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's Signature*

DEA SA Garrett Redfern
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Facetime this **20th** day of September, 2022.

Date: 9/20/2022

*Judge's signature*

City and state: Miami, Florida

Melissa Damian, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Garrett B. Redfern, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA) and have been so employed since 2021. As a DEA Special Agent, I am an investigative officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division, High Intensity Drug Trafficking Area ("HIDTA") in Miami, Florida. I have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information provided to me. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against **Junior Alexander DeJESUS, Jose SALAS and Wilfredo CABRERA**, for knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

3. On or about September 10, 2022, a Maritime Patrol Aircraft spotted a north-bound go-fast vessel ("GFV") approximately 145 nautical miles South of Isla Beata, Dominican Republic in international waters and upon the high seas. The GFV had three individuals on board, numerous

fuel barrels visible on deck and did not display any indicia of nationality. The United States Coast Guard ("USCG") Cutter LEGARE, which was in the area, was diverted to investigate. Once in the vicinity, the LEGARE launched its helicopter and Over the Horizon ("OTH") boat with a Boarding Team to interdict and investigate. The USCG sought and received a Statement of No Objection to conduct a right of visit boarding. USCG personnel observed the GFV dead in the water while the individuals on board began jettisoning items. The USCG Boarding Team arrived on scene and obtained positive control over the vessel.

4. The three individuals on board the GFV were later identified as **Junior Alexander DeJESUS, Jose SALAS and Wilfredo CABRERA**, all Dominican nationals. **Junior Alexander DEJUSES** identified himself as the master, however, did not make a claim of nationality for the vessel. As the master failed to make a claim of nationality for the vessel, coupled with the fact that there was no flag flown or any other indicia of nationality for the vessel, the GFV was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding then followed.

5. The USCG Boarding Team recovered a total of fifteen (15) bales. Two field tests were conducted on the substance inside the bales which yielded a positive result for cocaine. The approximate at-sea weight is 540 kilograms of suspected cocaine. All three individuals along with the suspected cocaine was transferred to the LEGARE.

[THIS AREA INTENTIONALLY LEFT BLANK.]

6. Based on the foregoing facts, I submit that probable cause exists to believe that **Junior Alexander DeJESUS, Jose SALAS, and Wilfredo CABRERA** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

   FURTHER AFFIANT SAYETH NAUGHT.

_____
SPECIAL AGENT GARRETT REDFERN
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by **Facetime** this **20th** day of September, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

3